UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CR-20383-UNGARO

UNITED STATES OF AMERICA

vs.

SANTIAGO BORGES,
ERIK ALONSO,
DAMIAN MAYOL,
and
CRISTINA ALONSO,

       Defendants.
_____/

# FIRST RESPONSE TO THE STANDING DISCOVERY ORDER BY THE UNITED STATES

The United States hereby files this First Response to the Standing Discovery Order, which was entered pursuant to paperless order by United States Magistrate Judge Otazo-Reyes on June 22, 2015. This response complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    The United States is not currently aware of recorded statements made by defendants in connection with the instant matter. With respect to written statements made by the Defendants, the United States will make available all known written statements to the Defendants, either by production in electronic form or by making such materials available for inspection at a mutually convenient time at the Health Care Fraud Facility operated by the Office of the United States Attorney, 12020 Miramar Parkway, Miramar, FL. Please contact FBI Special Agent Jacqueline Fruge to arrange a date and time for review that is convenient to both parties.

           2.    The United States is currently producing reports of law enforcement agents memorializing interviews conducted of the defendants in which the defendants made statements to law enforcement.

3. Several defendants appeared before the Grand Jury in connection with the return of documents in response to subpoenas issued during the course of the investigation. The United States will produce a transcript of those appearances to the defendants and will make available for inspection and review any materials returned to the Grand Jury.

4. The United States is currently producing NCIC records of the defendants. Such records will be produced to the attorney for the defendant who is the subject of the record(s).

5. The United States will produce, in electronic format, certain books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof (not including materials obtained by search warrant or Grand Jury subpoena) that are material to the preparation of the defendants' defense, or which the United States intends to use as evidence at trial to prove its case in chief, or which were obtained from or belonging to any defendant.

With respect to all other books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are material to the preparation of the defendants' defense, or which the United States intends to use as evidence at trial to prove its case in chief, or which were obtained from or belonging to any defendant, these materials may be inspected at a mutually convenient time at the Miramar Health Care Fraud Facility operated by the Office of the United States Attorney. Please contact FBI Special Agent Jacqueline Fruge to arrange a date and time for review that is convenient to both parties. A contact number for Special Agent Jacqueline Fruge will be made available upon request.

Upon request of counsel for the defense, the United States will provide copies of hard drives or other electronic records gathered during the course of its investigation. If any defendant requires an image of any such material, a blank hard drive of sufficient volume to contain the requested image(s) will be required. Production of any such image(s) should be coordinated through FBI Special Agent Jacqueline Fruge.

Additionally, the United States will make available for inspection at the Miramar Health Care Fraud Facility upon request material obtained from witnesses and/or other third-parties during the course of the investigation of R&S Community Mental Health, Inc., St. Theresa Community Mental Health Center, Inc., and New Day Community Mental Health Center, LLC (collectively, the "Facilities"), including from the Facilities themselves or the defendants. Included in this universe of material being made available for

inspection at the Miramar Health Care Fraud Facility are patient files and other documents related to the Facilities. Such materials will be made available consistent with paragraph (Q).

The United States will produce to each defendant CDs containing the Medicare provider applications for the Facilities. The United States will also produce CDs containing Medicare Part A data for Medicare beneficiaries for whom the Facilities billed Medicare. Copies of these CDs will be provided to the defense subsequent to execution and return of a signed confidentiality agreement, as discussed more fully below, and consistent with paragraph (Q).

Included in the universe of material being made available for inspection at the Health Care Fraud Facility are bank and financial records that were obtained in the course of the investigation. For the convenience of the defense, specified records will also be made available on CD upon request and upon receipt of the executed confidentiality agreement described below. Such materials will be made available consistent with paragraph (Q).

Please be aware that the above-referenced records and documents (including but not limited to Medicare Part A data, patient files, bank and financial records) *contain confidential information concerning individuals who are not parties to the above-referenced case, including what purports to be social security numbers, and individually identifiable health, medical and financial information. Prior to making such material available to the defense, the United States will require defense counsel to execute and return to the United States a confidentiality agreement,* which is being produced to each defense counsel for counsel's signature. At the time of service of this response, a confidentiality agreement has been sent to counsel for each defendant who has been arraigned.

Upon execution and return of the confidentiality agreement, the United States will make the above-referenced materials available for inspection or will produce the above-referenced materials to the defendants in electronic form, as set forth above.

The documents made available pursuant to this discovery response are not necessarily copies of all the books, papers, documents, etc. that the United States may introduce at trial.

6. There were no physical or mental examinations nor scientific tests or experiments made in connection with this case.

B. **DEMAND FOR RECIPROCAL DISCOVERY:** The United States requests the disclosure and production of materials enumerated as items 1, 2, and 3 of section B of the Standing Discovery Order. This request is made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The United States will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The United States shall disclose to the defense the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective United States witnesses, within the scope of Giglio v. United States, 406 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959).

E. The United States will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the United States at trial.

F. The United States will make available to the defense for inspection at a mutually convenient time at the Miramar Health Care Fraud Facility identified above any photo spread or similar identification proceedings in connection with the charged offenses.

G. The United States has advised its agents and officers involved in this case to preserve all rough notes.

H. The United States shall timely advise the defense of its intention, if any, to introduce extrinsic act evidence pursuant to Rule 404(b), Federal Rules of Evidence. The defense is hereby on notice that all evidence made available for inspection or statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. No defendant is an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The United States has transcribed the Grand Jury testimony of all witnesses who will testify for the United States at trial.

K. No contraband is involved in this indictment.

L.     The United States does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the United States's possession.

M.     The United States is unaware of any latent fingerprints or palm prints which have been identified by a United States expert as those of the defendant.

N.     To date, the United States has not received a request for disclosure of the subject-matter of expert testimony that the United States reasonably expects to offer at trial. Nonetheless, and while not expert testimony, out of an abundance of caution the United States is disclosing that it may offer the testimony of lay witnesses who will provide technical testimony regarding the functioning of the Medicare program, Medicare billing procedures and rules, Medicare auditing procedures and rules, Medicare cost reporting, and rules and regulations relating to the overpayment of claims by Medicare, among other subjects.

In addition, the government is disclosing that it may offer expert testimony at trial from a doctor or other medical professional. If and when such an expert is identified by the government, a letter summarizing the testimony of the prospective expert will be promptly provided to the defense.

*The United States requests the disclosure of any experts the defense intends to call at trial, as well as such experts qualifications and any proposed opinions to be offered at trial.*

O.     The United States will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.     At the discovery conference, the United States will seek written stipulations to agreed facts in this case, to be signed by the defendants and defense counsel.

Q.     The United States will comport with the schedule of discovery as outlined section (q) of Local Rule 88.10.

The United States is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady, Giglio, Napue*, and the obligation to ensure a fair trial.

In addition to the request made above by the United States pursuant to Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the United States hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense is listed in the indictment.

DATED: July 5, 2015

        Respectfully Submitted,

        WIFREDO FERRER
        UNITED STATES ATTORNEY

By:   /s/ A. Brendan Stewart_____
      A. BRENDAN STEWART
      TRIAL ATTORNEY
      Court ID No. A5501801
      United States Department of Justice
      1400 New York Avenue, N.W.
      Washington, D.C. 20530
      Phone: (202) 716-1142
      brendan.stewart@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2015, I electronically filed the foregoing document, FIRST RESPONSE TO THE STANDING DISCOVERY ORDER BY THE UNITED STATES, with the Clerk of Court using CM/ECF.

 /s/ A. Brendan Stewart_____
A. Brendan Stewart
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section