UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CR-20383-UNGARO

UNITED STATES OF AMERICA,

vs.

SANTIAGO BORGES,

        Defendant.
_____/

## AGREED FACTUAL BASIS FOR GUILTY PLEA

Beginning in or around January 2008, and continuing until in or around at least December 2010, the defendant, Santiago Borges ("Borges" or the "defendant"), knowingly and willfully conspired and agreed with others to commit health care fraud, in violation of 18 U.S.C. § 1349. During this same time period, the defendant also knowingly and willfully conspired and agreed with others to defraud the United States and offer and pay health care kickbacks, in violation of 18 U.S.C. § 371. Medicare is a "health care benefit program" of the United States, as defined in 18 U.S.C. § 24. Furthermore, Medicare is a health care benefit program affecting commerce.

The defendant was an owner and operator of R&S Community Mental Health, Inc. ("R&S") and St. Theresa Community Mental Health Center, Inc. ("St. Theresa"), and invested in and assisted a co-conspirator in purchasing and operating New Day Community Mental Health Center, LLC ("New Day"). R&S, St. Theresa, and New Day (the "Clinics") were community mental health centers which purported to provide partial hospitalization program ("PHP") services to individuals suffering from mental illness in Miami-Dade County, Florida. Borges

1



and his co-conspirators agreed to and actually did operate the Clinics for the purpose of billing the Medicare Program for expensive PHP services that were not medically necessary and/or were not provided.

Borges's primary roles, among others, in the scheme involved owning and controlling R&S and St. Theresa; negotiating and paying kickbacks and bribes to patient recruiters; coordinating and overseeing the submission of fraudulent claims submitted to the Medicare program; and otherwise running the schemes operating out of R&S and St. Theresa. Borges and his co-conspirators would pay kickbacks and bribes to patient recruiters in return for these recruiters providing patients to the Clinics for purported PHP services, which Borges knew was in violation of federal criminal laws. In furtherance of the conspiracy, on or about June 18, 2010, Borges endorsed check number 2736 in the approximate amount of $3,000 drawn on the bank account of R&S, which funds constituted proceeds of the fraud perpetrated through R&S.

Further, Borges was aware that records of many group therapy sessions conducted at the Clinics were being prepared by unlicensed and unqualified individuals with no medical training, and, as a result, did not accurately reflect the patients' statements, physical or mental conditions, or interactions with therapists.

Between approximately January 2008 and December 2010, the Clinics submitted approximately $70 million in false and fraudulent claims to Medicare, and were paid approximately $28 MILLION for those claims. DB SB

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charges against me. It does not include all of the facts known to me concerning criminal activity in which I and others engaged.

2



I make this statement knowingly and voluntarily and because I am in fact guilty of the crimes charged.

DATE: 9-19-15

_____
SANTIAGO BORGES
DEFENDANT

DATE: 9-19-15

_____
RICHARD DIAZ, ESQ.
CARLOS SANTISTEBAN, ESQ.
COUNSEL FOR SANTIAGO BORGES