UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CR-20383-UNGARO

UNITED STATES OF AMERICA,

vs.

ERIK ALONSO,

        Defendant.
_____/

## AGREED FACTUAL BASIS FOR GUILTY PLEA

Beginning in or around March 2008, and continuing until in or around at least December 2010, the defendant, Erik Alonso ("E. Alonso" or the "defendant"), knowingly and willfully conspired and agreed with others to commit health care fraud, in violation of 18 U.S.C. § 1349. During this same time period, the defendant also knowingly and willfully conspired and agreed with others to make false statements related to health care matters, in violation of 18 U.S.C. § 371. Medicare is a "health care benefit program" of the United States, as defined in 18 U.S.C. § 24. Furthermore, Medicare is a health care benefit program affecting commerce.

The defendant worked as the Clinical Director of R&S Community Mental Health, Inc. ("R&S"), St. Theresa Community Mental Health Center, Inc. ("St. Theresa"), and New Day Community Mental Health Center, LLC ("New Day"). E. Alonso holds a doctorate in psychology and is a licensed clinical social worker. R&S, St. Theresa, and New Day (the "Clinics") were community mental health centers which purported to provide partial hospitalization program ("PHP") services to individuals suffering from mental illness in Miami-Dade County, Florida. In fact, the Clinics were operated for the purpose of billing the Medicare

1

Program for expensive PHP services that were not medically necessary and/or were not provided—a conspiracy which E. Alonso knowingly and willfully joined.

E. Alonso's primary roles, among others, in the scheme involved managing and supervising therapists at the Clinics, and overseeing the fabrication of patient files. E. Alonso directed and supervised the preparation of fabricated patient records, including group therapy session notes. Those notes did not accurately reflect the patients' statements, physical or mental conditions, or interactions with therapists, and in many instances had been prepared by unlicensed and unqualified individuals with no medical training. E. Alonso was also aware that co-conspirators paid kickbacks and bribes to patient recruiters in return for these recruiters providing patients to the Clinics for purported PHP services, which E. Alonso knew was in violation of federal criminal laws. In furtherance of the conspiracy, on or about July 19, 2010, E. Alonso endorsed check number 2811 in the approximate amount of $4,000 drawn on the bank account of R&S, which funds constituted proceeds of the fraud perpetrated through R&S.

Between approximately March 2008 and December 2010, the Clinics submitted approximately $64 million in false and fraudulent claims to Medicare, and were paid approximately $26 million for those claims.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charges against me. It does not include all of the facts known to me concerning criminal activity in which I and others engaged.

I make this statement knowingly and voluntarily and because I am in fact guilty of the crimes charged.

DATE: 10/9/15

_____
ERIK ALONSO
DEFENDANT

DATE: 10/9/15

_____
ROBERT M. PEREZ, ESQ.
COUNSEL FOR ERIK ALONSO