UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: 15-CR-20383-UNGARO/OTAZO-REYES

UNITED STATES OF AMERICA,

 Plaintiff,

vs.

SANTIAGO BORGES,

 Defendant.
_____/

## DEFENDANT SANTIAGO BORGES'S SENTENCING MEMORANDUM WITH INCORPORATED MEMORANDUM OF LAW

The Defendant, SANTIAGO BORGES ("Mr. Borges"), by and through his undersigned counsel, pursuant to 18 U.S.C. § 3553(a), hereby files his Sentencing Memorandum with Incorporated Memorandum of Law and in support thereof states:

 **I.** **Introduction**

In the plea agreement, the parties left open whether the two (2) point upward adjustment for use of sophisticated means applied to this offense and this Defendant. The probation department has not recommended that the enhancement apply. This issue will be addressed at sentencing.

 **II.** **Title 18 U.S.C. § 3553(a)**

In determining the proper sentence in any case, courts should consider the following statutory factors: 1) the nature and circumstance of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed; 3) the kinds of sentences available; 4) the kinds of sentence and sentencing range established for the offense; 5) any pertinent policy statement;

1

6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and 7) the need to provide restitution to any victims of the offense. *See generally* 18 U.S.C. § 3553(a)(1)-(7). Accordingly, we present the following information to the Court on these criteria:

1. **The nature of the offense and Mr. Borges criminal history and characteristics.**

**THE OFFENSE:**

Medicare fraud is a very serious crime. Although it occurs in varying levels of severity, the fraud guidelines do not account for that. The most egregious type of Medicare fraud involves no patients, no doctors, no medical necessity and no services rendered. All revenue from such Medicare fraud schemes is derived from 100% "phantom billing". This was not that type of Medicare fraud. Since the guidelines do not account for these different severity levels of Medicare fraud, the defense respectfully urges the Court to take into consideration the specific degree of severity of the Medicare fraud involved here. Clearly, the more severe the type of fraud, the more heavy handed the sentence should be and vise versa.

**THE OFFENDER:**

There are some particularities to Mr. Borges, which the Court can and should take into consideration in imposing sentence.

- While the target of the grand jury investigation, Mr. Borges received a very broad grand jury subpoena for all medical records relating to the businesses under investigation. Mr. Borges preserved thousands of pages of records and delivered them to the government. Those documents proved to be significant to the government's ability to further investigate and ultimately indict this case.

2. **The need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant.**

As discussed above, Mr. Borges has no previous criminal history, except a DUI.

2

3. **The kinds of sentences available.**

There is no mandatory term of imprisonment required by the statute here.

4. **The Guidelines**

See, PSIR.

5. **Pertinent Policy Statement(s)**

None known

6. **The need to avoid unwarranted sentence disparities among similarly situated defendants.**

There re no co-defendants yet sentenced in this case.

7. **Restitution**

As per the plea agreement, restitution is set in the amount of the full loss.

## CONCLUSION

The Court should consider all of the forgoing factors in imposing sentence on Mr. Borges.

Respectfully submitted,

/s/ Richard J. Diaz
Richard J. Diaz, Esq.
Fla. Bar No.: 767697
3127 Ponce de Leon Blvd.
Coral Gables, FL 33134
Telephone: 305-444-7181
Email: rick@rjdpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF this 10th day of December, 2015, and served upon all parties electronically.

By:   /s/ Richard J. Diaz
      Richard J. Diaz, Esq.

3