**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 15-CR-20383-UNGARO**

**UNITED STATES OF AMERICA**

**vs.**

**SANTIAGO BORGES,**

　　　　　**Defendant.**
_____/

## SENTENCING MEMORANDUM

The United States of America hereby files this submission in aid of sentencing and in opposition to the calculation of Defendant Santiago Borges's sentencing guidelines range as calculated in the Presentence Investigation Report. Specifically, the Plea Agreement in this case left open for argument at sentencing whether the enhancement for sophisticated means would apply under the U.S. Sentencing Guidelines in calculating the defendant's sentence, and the Presentence Investigation Report did not include that enhancement. As set forth below, the government believes that this enhancement is appropriate.

## RELEVANT FACTS

The fraud scheme charged in this case centered around several Miami-area community mental health care centers ("CMHCs") which operated from 2008 through late 2010: R&S Community Mental Health, Inc. ("R&S"), St. Theresa Community Mental Health Center, Inc. ("St. Theresa"), and New Day Community Mental Health Center, LLC ("New Day") (collectively, the "Facilities").

As acknowledged in his factual proffer in support of his guilty plea, Defendant Borges— the owner and operator of R&S and St. Theresa—and his co-conspirators recruited Medicare

beneficiaries for the Facilities through the payment of illegal kickbacks to patient recruiters.  The recruiters were paid through a company called Transportation Services Providers, Inc. ("Transportation Services Providers").  These payments were disguised as payments to drivers solely for transportation services, but in fact the payments also included a kickback for the recruiting of the patients.  The patients, in turn, were solicited by these drivers and others recruiters through the payment of cash kickbacks and bribes to attend psychiatric group therapy sessions purportedly offered by the Facilities.

## ARGUMENT

As determined in the Presentence Investigation Report (¶ 49) and agreed by the parties in the Plea Agreement (¶ 2), the Federal Sentencing Guidelines in effect at the time of the offense should be used to calculate the defendant's sentence.  The offense as charged in the Indictment ended in October 2010.  Accordingly, the 2009 Guidelines Manual (effective November 1, 2009) is the appropriate version of determining defendant's sentence.

In the 2009 Sentencing Guidelines, the enhancement for sophisticated means is governed by Section 2B1.1(b)(9)(C).  In November 2015, this provision (now Section 2B1.1(b)(10)(C)) was amended to add that the provision will apply only if "the defendant intentionally engaged in or caused the conduct constituting sophisticated means."  2015 U.S. Sentencing Guidelines Manual (effective November 1, 2015).  Prior to the revision of this section of the Guidelines, in manuals including the 2009 Guidelines Manual, the application of this enhancement was offense-driven rather than focused on the defendant's sophisticated conduct.  *See United States v. Ghertler*, 605 F.3d 1256, 1267 (11th Cir. 2010).  In this case, the revised version of the guidelines is inconsequential, as the 2-level increase in the defendant's offense level should apply under either application of the relevant provision.

Section 2B1.1(b)(9)(C) provides that if the defendant's "offense otherwise involved sophisticated means," then the offense level should be increased by two levels. 2009 U.S.S.G. § 2B1.1(b)(9)(C). "Sophisticated means" is defined in the guidelines commentary to mean "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." *Id.* § 2B1.1 application note 8(B). The guidelines provide examples of such offense conduct, including "hiding assets or transactions," and "the use of fictitious entities, corporate shells, or offshore financial accounts." These definitions remain unchanged in the 2015 Sentencing Guidelines. *See* 2015 U.S.S.G. § 2B1.1(b)(10)(C) application note 9(B).

In this case, the routing of payments to recruiters through the shell company, Transportation Services Providers, and the concomitant concealment of the nature of those payments, is exactly the type of conduct to which sophisticated means should apply. *See, e.g.*, *United States v. Moran*, 778 F.3d 942, 977 (11th Cir. 2015) (characterizing "widespread use of kickbacks, the falsification of group therapy notes, and the laundering of proceeds from the fraud" as indicia of sophistication); *United States v. Zamora*, No. 11-14910, 2012 WL 2913718, at *1 (11th Cir. July 17, 2012) (defendant employed a shell company, placed company in the name of a nominee to conceal ownership, created fictitious patient files, and required use of intricate Medicare lien/reimbursement processes); *United States v. Soto*, 399 Fed. Appx. 498, 505–506 (11th Cir. 2010) (defendant recruited people to cash checks and placed company in the name of a nominee to conceal ownership); *United States v. Valdes*, 319 Fed. Appx. 810, 813 (11th Cir. 2009) (defendant "recruited beneficiaries and sought out doctors so as to aid in hiding the illegality of [] Medicare claims").

## <u>CONCLUSION</u>

The United States respectfully submits this memorandum to assist the Court in its

analysis of the Sentencing Guidelines and the determination of defendant's sentence.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY


By:   _____/s/___ _____
A. BRENDAN STEWART
TRIAL ATTORNEY
Court ID No. A5501801
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20530
Phone: (202) 716-1142
brendan.stewart@usdoj.gov

4

## CERTIFICATE OF SERVICE

I hereby certify that, on December 10, 2015, I electronically filed and served the foregoing document with the Clerk of the Court using CM-ECF.

_____/s/_____
A. BRENDAN STEWART
TRIAL ATTORNEY
Court ID No. A5501801
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20530
Phone: (202) 716-1142
brendan.stewart@usdoj.gov